[Garber v. Conner.]

# Garber *versus* Conner.

1. The penalty provided by section 26 of the Fee Bill Act of March 28th 1814, P. L. 364, upon any officer taking greater or other fees than those laid down by the Act, cannot be imposed upon officers who have no right to charge fees of any kind.

2. A collector of delinquent taxes in Allegheny county, appointed by virtue of the provisions of the act of May 1st 1861, Pamph. L. 455, is not subject to the penalty prescribed by the said Act of 1814 for taking illegal fees.

3. *Semble*, that by virtue of the provisions of the act of April 8th 1864, Pamph. L. 316, such collector of delinquent taxes is entitled to collect as his full compensation ten per cent. over and above the amount of the tax only. Any additional charge of any kind is illegal and void.

4. *Semble*, moreover, that said collector has no right to issue a warrant to a constable to collect delinquent taxes. Such a warrant is *ultra vires* and the constable has no power to execute it.

October 14th 1881. Before MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ. SHARSWOOD, C. J., absent.

ERROR to the Court of Common Pleas No. 1, of *Allegheny county:* Of October and November Term 1881, No. 162.

Debt, by George H. Garber, against John G. Conner, to recover the penalty of $50, prescribed by the 26th section of the the act of March 28th 1814, for taking illegal fees. Plea, nil debet.

On the trial, before STOWE, P. J., the following facts appeared :—The defendant Conner was, in the year 1880, the collector of delinquent taxes of the eighth ward of the city of Pittsburgh. He issued a warrant against the plaintiff, George H. Garber, for delinquent taxes for the year 1879, due and unpaid by Garber.

It appeared that in the summer of 1879, the plaintiff had called at the treasurer's office of Allegheny county for the purpose of paying his county tax for that year, and was there told by the clerks that he was not assessed and had no taxes to pay ; at Mr. Garber's request, the clerks searched again for his name, but overlooked it, because, as was subsequently ascertained, it was written " Garbe " instead of Garber.

Upon service by a constable of the warrant issued by the defendant, the plaintiff tendered the amount of tax due, together with ten per cent. as collector's compensation, but refused to pay the additional costs demanded. This tender was refused, after which the constable proceeded to Mr. Garber's house to make a levy on his goods, when Mrs. Garber paid the amount

[Garber *v.* Conner.]

of the demand, viz.: the amount of tax due, ten per cent. for collection, 50 cents for defendant's service in issuing the constable's warrant, and $1.10 constable's costs.

This action was then brought under the 26th section of the act of March 28th 1814, which reads as follows:—" If any officer whatsoever shall take greater or other fees than is hereinbefore expressed and limited, for any service to be done by him, after the first day of September next, in his office, or if any officer shall charge or demand and take any of the fees hereinbefore ascertained, where the business for which such fees are chargeable shall not have been actually done and performed, or if any officer shall charge or demand any fee for any service or services other than those expressly provided for by this act, such officer shall forfeit and pay to the party injured, fifty dollars, to be recovered as debts of the same amount are recoverable."

By the 23rd section of " An act relating to Allegheny county," approved May 1st 1861, Pamph. L. 455, it is provided, with respect to the collector of delinquent taxes:—" If any of said taxes shall remain unpaid in any of said districts for a period of four months after the day fixed as aforesaid for the payment in the proper district, the treasurer shall issue his warrant, accompanied by a schedule of all unpaid taxes in each district, and the names of the persons respectively by whom the same are due, directed to any citizen of the county, authorizing and requiring him to demand and receive from the persons named in the schedule the sums therein charged against them respectively, together with five per centum (increased to ten per cent.) in addition thereto, which shall be in full compensation to such person for the collection thereof."

At the conclusion of the plaintiff's evidence, the defendant moved for a compulsory nonsuit, which the court granted, in accordance with the opinion of the court filed by His Honor, STOWE, P. J., in a similar case, of which the following is an extract:

" It is not pretended that the Act of 1814 or any supplement thereto speaks of tax collectors or fixes their fees, but the contention is that the words of the Act of 1814 cover not only the officers and fees specified in the Act, but all officers of the Commonwealth and all fees prescribed by any Act of Assembly. With this we cannot concur. We think that the penalty must be limited to illegal charges made by the officers specifically mentioned in the act. This seems so apparent from the act itself that it is difficult to comprehend the force of a suggestion to the contrary. The idea that none but officers mentioned fall within the penalty is indicated by GIBSON, C. J., in Gallagher *v.* Neal, 3 P. & W. 183, and is specifically stated by COULTER, J., in Fitzsimmons' Appeal, 4 Barr 248, in his declaration that

[Garber *v.* Conner.]

' the prohibition in the statute is expressly confined to officers for whom fees are provided.' "

The court having refused a motion to take off the nonsuit, the plaintiff took this writ of error, assigning for error the said action of the court.

*James T. Buchanan*, for the plaintiff in error.—It being admitted that illegal fees were taken by the defendant, we contend that this case is plainly within the words of the Act of 1814, and within the mischief intended to be remedied by it. The rule that penal statutes are to be construed strictly does not mean that a narrow sense must be given to the words, but that the case must come within the manifest import of the words according to their obvious meaning, having reference to the old law, the mischief and the remedy : Heydon's Case, 2 Rep. 18 ; State *v.* Powers, 36 Conn. 77 ; Parkinson *v.* State. 14 Mary. 184 ; The Schooner Industry, 1 Gall. 117 ; U. S. *v.* Wilson and Porter, 1 Baldwin 101 ; Rich *v.* Keyser, 4 P. F. S. 89 ; Seidenbender *v.* Charles' Adm. 4 S. & R. 151 ; Commonwealth *v.* Morrisey, 6 W. N. C. 72 ; U. S. *v.* Winn, 3 Sumner 209.

The penal clause of the act of 1814—differing from the prior act of 1795, which it superseded—applies to " *any* officer *whatsoever*," who " shall take greater *or other* fees " than are provided by the act ; also, to fees demanded for " any service or services *other* than those expressly provided for by this act." The penalty under the old act of 1795 was restricted to the taking only *greater* fees than were provided for by that act. The clear intention of the legislature in enlarging the words was to impose the penalty upon *all* transgressing public officers, whether named in the preceding Fee Bill, or entitled to fees fixed by some other Act of Assembly. An inspection of the 25th section of the Act of 1814 shows that when the legislature intended to confine the operation of the Act, it used appropriate language to that effect.

*S. H. Geyer*, and *R. B. Parkinson*, for the defendant in error.—The act of 1814 is entitled, " An Act to establish a Fee Bill." It was intended to be a complete system, designating all the officers of the state, fixing their fees, and imposing a penalty on the officers *therein named* for taking excessive fees. Officers not mentioned in the act were left unprovided for either in fees or in punishment ; and officers provided for in subsequent acts cannot be visited with the penalty prescribed by the former Act. When such officers take illegal fees, the injured party has his remedy by action of trespass, or the offender may be indicted for extortion. The general words of the act are as consistent with this construction as with the view contended for on the

[Garber *v.* Conner.]

other side, and where a penal act is equally capable of two constructions, the stricter one should be adopted. ·

Mr. Justice GORDON delivered the opinion of the court November 21st 1881.

Conner, the collector of delinquent taxes for the 8th ward of the city of Pittsburgh, had no right to charge fees of any kind, hence his case does not come within the Fee Bill Act of 1814, and consequently not within its penalty. The Act of the 8th of April, 1864, allows him to collect from the delinquent tax-payer ten per centum in addition to the amount of the tax, and this ten per centum is his full compensation, and any additional charge of any kind is illegal and void. Moreover, his warrant to the constable was altogether ultra vires: he had no power to issue such a writ, and the constable had no power to execute it. The only legal warrant was that of the treasurer to Conner; this was his authority to demand and collect the taxes found in his schedule, and he had no power to delegate that authority, by his warrant or otherwise, to some other person. Under the act of 1834, he might, with the approbation of the treasurer, employ a suitable person to act for him "in the execution of his warrant"; that is, the warrant issued to him by the treasurer. Hence, his deputy, if he has one, acts under the same power that he does. All this is very plain and obvious to any one who takes the pains to read the provisions of the statute, and how this collector and the constable, to whom he directed his sham warrant, came to pursue the course they did, is a matter hard to understand.

But notwithstanding the illegality of the proceedings of these officers; though they were clearly guilty of extortion and might have been punished therefor, we must agree with the court below that they were not amenable to the penalty prescribed by the 26th section of the Act of the 28th March 1814.

Judgment affirmed.